# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ANNDELL R. LAWRENCE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00204-NCC |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented Plaintiff Anndell R. Lawrence, Jr. to proceed in the district court without prepaying fees and costs. Based on Plaintiff's financial information, the Court will grant the application and waive the filing fee. Furthermore, for the following reasons, the Court will dismiss Plaintiff's complaint as to Defendants the Missouri Department of Corrections, Trevor Foley, and Centurion Health for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). The Court will order the Clerk of Court to issue process as to Defendants Laresha Reed, Crissey Woods, Seth Stephenson, Jordan Far, Skylar Blake, Unknown Smith, and Rosey Williams in their individual capacities.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without full payment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represent litigants are required to allege facts which, if true, state a claim for relief

as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

### Background

Plaintiff alleges Defendants failed to protect him from an attack by a fellow inmate at Southeast Correctional Center (SECC), resulting in multiple stab wounds and a complicated course of medical treatment. This is Plaintiff's second time filing this case. Plaintiff filed a prior complaint regarding this incident, *Lawrence v. Reed, et al.*, No. 1:22-cv-102-SNLJ (E.D. Mo. filed Jul. 25, 2022) (*Lawrence I*). On initial review of the complaint in *Lawrence I*,  the Court ordered Plaintiff to amend his complaint because he had sued Missouri Department of Correction (MDOC) and its employees in their official capacities only.

On initial review of Plaintiff's amended complaint, the Court found the facts alleged against the correctional officer Defendants were insufficient to state an Eighth Amendment claim of failure to protect. Additionally, Plaintiff failed to plead a policy, custom, or official action by Defendant Centurion Health injured him. Finally, the Court found Plaintiff's allegation of a denial or delay in receipt of pain medications by Defendant Nurse Williams did not rise to the level of deliberate indifference. For all of these reasons, the case was dismissed on initial review.

Plaintiff filed a post-dismissal motion to file a second amended complaint. The Court denied the motion, finding that Plaintiff had not stated a claim of Eighth Amendment deliberate indifference. To the extent he alleged a failure-to-train claim against MDOC, he presented no evidence or argument concerning a pattern of similar conduct. Several months after this, Plaintiff filed a motion to reopen the case and attached another second amended complaint. The Court denied Plaintiff's request to reopen and amend the action that was closed more than a year prior, but stated that "there is nothing preventing Plaintiff from filing a new § 1983 action in the district court based on his amended claims." *Lawrence I*, ECF No. 22 at 3.

### The Complaint

After the denial of Plaintiff's post-dismissal motion to amend the complaint and motion to reopen the case, Plaintiff filed this new civil rights action pursuant to 42 U.S.C. § 1983. He alleges Defendants violated his constitutional rights when they failed to protect him from a violent attack by another inmate and, after the attack, were deliberately indifferent to his serious medical needs. Named as Defendants are Centurion Health, the Missouri Department of Corrections (MDOC), its Acting Director, Trevor Foley, and the following individuals employed at SECC: Laresha Reed, Correctional Officer (CO); Crissey Woods, CO; Seth Stephenson, CO; Jordan Far, CO; Skylar Blake, CO; Unknown Smith, CO; and Rosey Williams, Nurse. The individual defendants are sued in their individual

capacities, except for Trevor Foley who is sued in both his official and individual capacities.

Plaintiff alleges that another inmate, Alex Davis, attacked him in late September 2021. Plaintiff alleges SECC had an ongoing problem with racially motivated attacks. Plaintiff, a black inmate, shared a cell with Alex Davis, a white inmate. At some point while the two were cellmates, Davis began yelling racial slurs at Plaintiff and began punching him. Plaintiff states that he defended himself, and Davis began to retreat, yelling for the guards. Davis informed the guards of the fight and requested a room change. Davis was placed on Plaintiff's enemies list, which SECC uses to separate inmates who have existing conflicts and should be kept away from each other for protection.

About a week after this attack, on November 2, 2021, Defendants Reed, Blake, Woods, Far, and Smith were conducting showers for inmates housed in administrative segregation. Plaintiff and Davis were on the same ad-seg unit, but in different cells. While on the unit, Davis made threats to stab plaintiff during showers. Plaintiff informed Defendant Stephenson of these threats and asked if Davis could be moved to another wing of the ad-seg unit. Stephenson responded that he would inform his officers on the unit of Davis's threats. Plaintiff also sought protective custody from Stephenson, the this request was ignored.

Throughout the day, Plaintiff stopped Defendants Reed, Blake, Woods, and Far to ask if Stephenson had informed them of Davis's threats. None of Defendants

acknowledged Stephenson had communicated Davis's threats to them. Taking matters into his own hands, Plaintiff informed Defendants that his life was in danger and he feared being stabbed if he remained on the ad-seg unit with Davis.

Plaintiff states that in the evening, when the officers opened Davis's cell for showers, only Davis's cellmate came out. Davis hid under a bed in his opened cell. Soon afterward, Defendant Reed cuffed Plaintiff from behind and opened his cell door to transport him to the showers. At this point, both Plaintiff and Reed saw Davis standing 30 to 40 feet away. With a knife in his hand, Davis charged Plaintiff and began stabbing him multiple times until the knife got stuck in Plaintiff's back. Plaintiff states the assault lasted more than 30 minutes. Davis began stabbing Plaintiff in one unit, and when Plaintiff ran to escape, the assault continued into another unit. Plaintiff ran from the B-wing into the A-wing where Stephenson grabbed him. At this point, Davis ran up to Plaintiff from behind, pulled out the knife from Plaintiff's back and continued to stab him. The stabbing stopped when COs coming off the yard intervened and took down Davis. By this time, Davis had stabbed Plaintiff seven to ten times and Plaintiff had lost a significant amount of blood.

After the attack, Plaintiff was taken to SECC's medical unit for examination and then to an outside hospital for treatment. Plaintiff received approximately 32 stitches, and was prescribed narcotic pain medication. Plaintiff states that because of the pain, he could barely walk. The hospital doctor instructed Plaintiff to take

the pain medication as prescribed and specifically informed SECC staff that Plaintiff should be in the medical unit under close observation for at least 10 days. Plaintiff states, however, that when he returned to SECC, he spent less than 8 hours in the medical unit. He was then moved to a separate room upstairs and away from medical staff. SECC took away Plaintiff's prescription medication and refused his requests for it. Instead SECC staff, including Defendant Williams, offered only Tylenol and ibuprofen. Plaintiff states that he is allergic to Tylenol and ibuprofen and could not take either medication. In addition, without monitoring by medical staff, Plaintiff's wounds became infected causing further pain. Plaintiff states he suffered months in extreme, unbearable pain and both he and his family sought medical care for him.

Plaintiff states that because of his injuries he had considerable trouble getting up and walking to his chuckhole to receive medication from Defendant Williams. When he could not get up to receive the medication, or when he could not get to the cell door quickly enough, Defendant Williams would walk away without giving him medication. He states Defendant Williams would allege conduct violations against Plaintiff, stating the he refused his medication.

For relief, Plaintiff seeks compensatory damages of more than $25,000 and punitive damages of more than $25,000. He also seeks attorney's fees, costs, and pre- and post-judgment interest.

## Discussion

**(1)    Failure to Protect Against Defendants Reed, Blake, Woods, Far, Smith, and Stephenson (Count I)**

The Eighth Amendment encompasses an inmate's right to be protected from harm by fellow inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). As such, prison officials must take reasonable measures to guarantee inmate safety and protect prisoners from violence by other inmates. *Berry v. Sherman*, 365 F.3d 631, 633-34 (8th Cir. 2004) (citing *Farmer*, 511 U.S. at 832-33). There are limitations to this guarantee, however, as "prison officials violate the Eighth Amendment only when they exhibit a deliberate or callous indifference to an inmate's safety." *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018) (internal quotations and citation omitted).

"As prisons are inherently dangerous environments," not every injury suffered by a prisoner at the hands of another inmate is grounds for constitutional liability. *Vandevender v. Sass*, 970 F.3d 972, 976 (8th Cir. 2020) (citing *Farmer*, 511 U.S. 834). "A failure-to-protect claim has an objective component, whether there was a substantial risk of harm to the inmate, and a subjective component, whether the prison official was deliberately indifferent to that risk." *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000). "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the

official knows of and disregards an excessive risk to inmate health or safety." *Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007) (quoting *Farmer*, 511 U.S. at 837).

Plaintiff alleges inmate Alex Davis was on his enemies list, and SECC staff including Reed, Woods, Stephenson, Far, Blake, and Smith knew the two were enemies and had a fought recently. He also alleges these Defendants knew that on the night of the attack, Davis had threatened to stab Plaintiff during showers. Plaintiff states these Defendants ignored these threats and also refused to put him in protective custody. That night, Davis stabbed Plaintiff during showers just as he had threatened. The Court finds Plaintiff has stated a plausible claim of failure to protect against Defendants Reed, Woods, Stephenson, Far, Blake, and Smith in their individual capacities and will issue service on Count I.

### (2)   Failure to Train and Supervise Against Defendants MDOC and Trevor Foley (Count II)

Plaintiff alleges Defendant Trevor Foley, the Acting Director of MDOC, is responsible for training SECC correctional officers and that he failed to train them on the proper procedure for transporting segregated inmates. According to Plaintiff, this failure resulted in a violation of his rights. However, to demonstrate deliberate indifference for purposes of failure to train, a plaintiff must show a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cnty.*, 874 F.3d 581, 585 (8th Cir. 2017). Plaintiff presents no evidence or argument concerning a pattern of similar conduct. He does not allege similar

incidents have occurred, due to a lack of training on this MDOC transport procedure. Plaintiff's allegations concerning this single incident of negligent failure to follow prison policy is not enough to establish a pattern or practice indicative of a failure to train. For these reasons, Plaintiff's claims brought against Defendants MDOC and Trevor Foley will be dismissed.

### (3)    Deliberate Indifference to Serious Medical Needs

#### (a)    Defendant Nurse Rosey Williams (Count III)

Under the Eighth Amendment, to demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997). To establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *see also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019).

With regard to prescribed medications, "the knowing failure to administer prescribed medicine can itself constitute deliberate indifference." *Phillips v. Jasper Cnty Jail*, 437 F.3d 791, 796 (8th Cir. 2006). That is, "[w]hen an official denies a person treatment that has been ordered or medication that has been prescribed, constitutional liability may follow." *Dadd v. Anoka Cnty*, 827 F.3d 749, 757 (8th Cir. 2016); *see also Majors v. Baldwin*, 456 Fed. Appx. 616, 617 (8th Cir. 2012) (holding that plaintiff had stated a deliberate indifference claim where defendants

withheld prescribed pain medication and did not provide adequate post-operative treatment).

After his hospitalization, Plaintiff returned to SECC with an objectively serious medical need—he was recovering from multiple stab wounds that had been stitched together with more than 30 stitches. Plaintiff's treating doctor at the outside hospital informed medical staff at SECC that Plaintiff should remain in the medical unit under close supervision for at least 10 days and be given prescription narcotic pain medication. According to Plaintiff, neither of these instructions were followed by Nurse Williams. Plaintiff spent less than 8 hours in the medical unit at SECC upon his return, and his narcotic pain medication was taken away. Additionally, he was moved to an upper tier cell which required him to climb stairs, causing him extreme pain. Plaintiff alleges his wounds were not monitored on a daily basis and became infected, causing additional pain. Finally, he states that Nurse Williams would often refuse him medication when he was physically unable to receive it. The Court finds that Plaintiff has stated a plausible claim against Nurse Williams for deliberate indifference to a serious medical need, and will issue service on Count III.

> (b)  *Defendant Centurion Health and Nurse Rosey Williams in Her Official Capacity (Count IV)*

As to Defendant Centurion, "A corporation acting under color of state law cannot be liable on a respondeat superior theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). That is, Centurion cannot be liable for deliberate

indifference simply because it employed Defendant Williams. Rather, to support a § 1983 claim against Centurion, Plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *see also Stearns v. Inmate Services Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (explaining that the "proper test" for determining whether a corporation acting under color of state law is liable under 42 U.S.C. § 1983 "is whether there is a policy, custom, or action by those who represent…official policy that inflicts injury actionable under § 1983").

Plaintiff alleges that Centurion adopted the unconstitutional policies and practices of its employee Nurse Williams, and lists seven alleged policies and practices. *See* ECF No. 1 at 23. These include denying medical treatment to inmates with serious medical needs, denying narcotic medication to inmates, failing to discipline nurses, and failing to investigate complaints. Plaintiff has simply repackaged his specific allegations against Nurse Williams as unlawful policies, practices, and customs of Centurion. *Id.*

Plaintiff has not alleged an official policy, which is "a deliberate choice of a guiding principle or procedure made by [an] official who has final authority regarding such matters." *See Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). Nor has he alleged continuing, widespread, persistent pattern of unconstitutional conduct; deliberate indifference of such conduct after notice to the officials; and that the custom was the cause of the constitutional violation. *Id.* Like

the plaintiff in *Corwin*, here Plaintiff takes Nurse Williams's alleged unconstitutional actions and asserts this conduct has been adopted as a policy or custom of her employer Centurion. However, "[g]enerally, an isolated incident of alleged . . . misconduct . . . cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983." *Id.* (quoting *Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013)).

Because Plaintiff has not alleged a plausible claim of unconstitutional violations on the part of Centurion, his claims against Centurion and Defendant Nurse Williams in her official capacity will be dismissed.

### (4)    Negligence Against Defendants Reed, Blake, Woods, Far, Smith, and Stephenson (Count V)

Finally, Plaintiff alleges Missouri state law negligence claims against Defendants Reed, Blake, Woods, Far, Smith, and Stephenson. He states these Defendants were negligent in their duties when they disregarded a serious and known risk to Plaintiff and failed to take reasonable measures to prevent Davis's attack. To state a plausible claim of negligence, a plaintiff must allege that (1) defendant owed a duty to him or her; (2) the defendant breached that duty; and (3) causation. *See Peters v. Wady Indus., Inc.*, 489 S.W.3d 784, 793 (Mo. 2016). Plaintiff has alleged these correctional officers owed him a duty to protect, and their breach of that duty caused him to be stabbed several times by his known enemy. The

Court finds Plaintiff has stated a plausible claim of negligence against Defendants Reed, Blake, Woods, Far, Smith, and Stephenson and will issue service on Count V.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process upon the complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to Defendants Laresha Reed, Crissey Woods, Seth Stephenson, Jordan Far, Skylar Blake, and Unknown Smith in their individual capacities.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process upon the complaint, pursuant to the service agreement the Court maintains with Centurion Health, as to Defendant Rosey Williams in her individual capacity.

**IT IS FURTHER ORDERED** that Plaintiff's claims brought against Defendants Missouri Department of Corrections, Centurion Health, and Trevor Foley are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's claims brought against Defendants Laresha Reed, Crissey Woods, Seth Stephenson, Jordan Far, Skylar Blake, Unknown Smith, and Rosey Williams in their official capacities are **DISMISSED** without prejudice.

An Order of Partial Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 16th day of June, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE