UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANNDELL R. LAWRENCE, JR., ) <br> ) <br>    Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> LARESHA REED, *et al.*, ) <br> ) <br>    Defendants. ) | Case No. 1:24-cv-0204-MTS |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file upon transfer of this action to the undersigned. The Court notes that it previously granted Plaintiff leave to proceed in this action without prepayment of fees or costs. *See* Doc. [6] at 14; *see also* 28 U.S.C. § 1915(a). The Court believes that it did so in error. Since Plaintiff was a "prisoner" as defined in 28 U.S.C. § 1915(h) when he filed this action, he must pay the filing fee in its entirety. *See Counts v. Missouri*, 4:24-cv-1437-MTS, 2025 WL 812276, at *3 (E.D. Mo. Mar. 13, 2025) (requiring a former prisoner to pay the filing fee despite his release from custody after filing his action). Plaintiff also failed to provide a copy of his inmate account statement. *See* 28 U.S.C. § 1915(a)(2). Filing an account statement is a mandatory prerequisite for a prisoner to proceed without prepayment of fees; it is not discretionary. *Koenig v. Missouri Dep't of Corr.*, 4:23-cv-1524-MTS, 2024 WL 277939, at *2 (E.D. Mo. Jan. 25, 2024). For this reason alone, the Court should have denied his Motion. *Id.*

The Court therefore will vacate the portion of its previous Memorandum and Order granting Plaintiff *in forma pauperis* status, *see Hiscox Dedicated Corp. Member, Ltd. v.*

*Taylor*, 162 F.4th 919, 927 (8th Cir. 2025) ("A district court has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." (internal quotation omitted)), and will require Plaintiff to pay the $405 filing fee no later than **Monday**, **March 09, 2026**, *see* 28 U.S.C. § 1914(a). *See In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997) (explaining that a prisoner is "responsible for their filing fees the moment [he] brings a civil action or files an appeal"). Failure to timely do so will result in the dismissal of this action.

Moreover, a review of the file shows that Plaintiff is not prosecuting his case. *See, e.g.*, Doc. [45] (granting two Defendants' *unopposed* Motion to Dismiss). Plaintiff filed this case in November of 2024. Yet there are Defendants who still have not been served. *See* Fed. R. Civ. P. 4(m).* And then there are Defendants who have been served, but who have failed to plead or otherwise defend this action. Nevertheless, Plaintiff has not sought the entry of default for these Defendants. *See* Fed. R. Civ. P. 55(a); *see also Lloyd v. Hansen*, 4:25-cv-0963-MTS, 2025 WL 3559131, at *1 n.2 (E.D. Mo. Dec. 11, 2025) (noting that a plaintiff's "prolonged failure to seek entry of default can itself be grounds to dismiss an action" for failure to prosecute). The Court will require Plaintiff, by **Thursday**, **February 12, 2026**, to serve the unserved Defendants and seek the entry of default against Defendants who have been served but have failed to plead or otherwise defend this action. If Plaintiff fails to do so, the Court will dismiss this action as to any respective Defendant.

---

* Even when the Court is obligated to serve defendants, *see* Fed. R. Civ. P. 4(c)(3), it is a plaintiff's "responsibility to provide proper addresses for service." *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam); *accord Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (joined by Gorsuch, J.).

Accordingly,

**IT IS HEREBY ORDERED** that the Court's previous grant of *in forma pauperis* status to Plaintiff is **VACATED**, and Plaintiff shall pay the $405 filing fee in this matter no later than **Monday**, **March 09, 2026**.

**IT IS FURTHER ORDERED** that, no later than **Thursday**, **February 12, 2026**, Plaintiff shall serve the unserved Defendants and seek the entry of default against Defendants who have been served but have failed to plead or otherwise defend this action.

**Failure to comply with this Memorandum and Order will result in dismissal as applicable.**

Dated this 23rd day of January 2026.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE