# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| ANNDELL R. LAWRENCE, JR., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:24-cv-0204-MTS |
| LARESHA REED, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Andell R. Lawrence, Jr.'s Motion for Relief from Judgment. Doc. [48]. After careful consideration and for the reasons that follow, the Court will deny Plaintiff's Motion.

\*

Plaintiff brought this action against Defendants Christopher Smith and Seth Stephenson (together, "Defendants") on November 04, 2024, alleging that they failed to protect Plaintiff from another inmate's attack while Plaintiff was incarcerated at the Southeast Correctional Center ("SECC") in violation of Plaintiff's constitutional rights and state tort law. Doc. [1]. After each Defendant received extensions, their respective responses to Plaintiff's Complaint were due no later than December 01, 2025. Docs. [30] and [34]. Both of their motions seeking additional time indicated that Plaintiff's counsel consented to the extensions.[1] *Compare* Doc. [26] ¶ 8, *with* Doc. [32] ¶ 8. Defendants again filed consent motions to extend their response deadlines until December 15, 2025, *compare* Doc. [36] ¶ 11, *with* Doc. [37] ¶ 10, but when the

---

[1] Plaintiff has been represented by counsel since at least August 13, 2025. Doc. [20].

Court did not grant an extension, Defendants rightly filed their joint Motion to Dismiss by the operative December 01, 2025, deadline. Their Motion sought dismissal of Plaintiff's claims on immunity grounds; specifically, qualified immunity as to Plaintiff's Eighth Amendment claims and official immunity as to Plaintiff's state-law negligence claims. Doc. [38].

Plaintiff's opposition was due on December 15, 2025, but he failed to file one. *See* E.D. Mo. L.R. 4.01(B) (requiring the filing of a response to a motion "within fourteen (14) days after service of the motion"). On January 23, 2026, the Court entered an Order granting Defendants' unopposed Motion to Dismiss for two reasons. Doc. [45]. As an initial matter, the Court reviewed Defendants' briefing and found—albeit without adversarial presentation—that Defendants' arguments were well taken.[2] *Id.* at 1; *cf. Brown v. Fifth Jud. Dist. Drug Task Force*, 255 F.3d 475, 476 (8th Cir. 2001) (applying plain-error review and affirming the district

---

[2] Plaintiff alleges that Defendants both ignored and failed to notify other guards of Plaintiff's concerns for his own safety, Doc. [1] ¶¶ 40–41, as well as the specific threats that Plaintiff's eventual attacker made against him, *id.* ¶¶ 36–39, after Plaintiff and his attacker had an earlier violent altercation, *id.* ¶¶ 20–27. He alleges that Defendants' conduct violated his Eighth Amendment rights. *Id.* ¶¶ 102–111. But Plaintiff's allegations also make clear that, by the time the relevant threats were made, Plaintiff and his attacker were already placed on an "enemy list, which notified SECC staff that [the attacker] and Plaintiff should always be kept apart." *Id.* ¶¶ 29–31. In addition, following their prior altercation, Plaintiff and his attacker were already placed in administrative segregation, *id.* ¶¶ 34–35, a housing unit in which inmates are "separate[ed] from access to other inmates . . . to modify unacceptable behavior patterns," *id.* ¶ 48. In this context, Defendants persuasively argued that Plaintiff's allegations taken as true, as well as all reasonable inferences drawn in his favor, fail to demonstrate a constitutional violation as to these specific Defendants. That is, even assuming Plaintiff's allegations and the corresponding inferences show an objective substantial risk of serious harm to Plaintiff, they do not demonstrate that Defendant Stephenson and Defendant Smith knew about or deliberately disregarded that risk. Doc. [39] at 8–11; *see Blair v. Bowersox*, 929 F.3d 981, 987–88 (8th Cir. 2019) (explaining that "deliberate indifference requires a highly culpable state of mind approaching actual intent"). As such, Defendants are entitled to qualified immunity on Plaintiff's federal claims. *See Kiesling v. Holladay*, 859 F.3d 529, 533 (8th Cir. 2017) ("[D]efendants must show they are entitled to qualified immunity on the face of the complaint."). Further, Defendants persuasively argued that they are entitled to official immunity on Plaintiff's state law claims because Plaintiff's allegations, together with all reasonable inferences, do not indicate that Defendants acted with bad faith or malice. Doc. [39] at 13; *see State ex rel. Love v. Cunningham*, 689 S.W.3d 489, 496 (Mo. banc 2024). Of course, the Court has not considered whether either type of immunity is available to any other Defendant named in this lawsuit.

court's grant of an unopposed motion to dismiss).  But even so, Plaintiff's failure to oppose Defendants' dispositive arguments constituted Plaintiff's waiver of his claims against them.  Doc. [45] at 1–2.  Accordingly, approximately thirty-nine days after Plaintiff's response deadline had elapsed, the Court dismissed Defendants from this action.  Doc. [46].

Now, Plaintiff asks the Court to vacate its Order granting Defendants' unopposed Motion to Dismiss pursuant to Federal Rule of Civil Procedure 60(b)(1), which authorizes courts to "relieve a party or its legal representative from a final judgment, order, or proceeding" due to "mistake, inadvertence, surprise, or excusable neglect."  Doc. [48] ¶¶ 18–19.  Alternatively, Plaintiff asks the Court to allow him to respond to Defendants' Motion to Dismiss out of time pursuant to Rule 6(b) because there is good cause for the extension, and Plaintiff "failed to act because of excusable neglect."  *Id.* ¶¶ 30–31.  In either case, the same excusable-neglect standard applies.  *See Marvin v. C-VISN*, 5:12-cv-05073-JLV, 2014 WL 4715716, at *8 (D.S.D. Sept. 22, 2014) ("Excusable neglect under Rule 6(b)(1)(B) is the same standard applicable to Rules 55(c) and 60(b)." (citing *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010))).  The Court concludes that Plaintiff has failed to meet that standard.

"The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Chorosevic*, 600 F.3d at 946.  "[T]he following factors are particularly important: (1) the possibility of prejudice to the [non-movant], (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith." *Kurka v. Iowa County*, 628 F.3d 953, 959 (8th Cir. 2010).  But "[t]hese factors do not bear equal weight as the reason for delay is generally a key factor in the analysis." *Id.*; *accord Giles v. Saint Luke's Northland-*

*Smithville*, 908 F.3d 365, 368 (8th Cir. 2018) (describing the reason for delay as "the most important factor"). In essence, excusable neglect "means 'good faith and some reasonable basis for noncompliance with the rules.'" *Ivy v. Kimbrough*, 115 F.3d 550, 552 (8th Cir. 1997) (quoting *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996)).

What is Plaintiff's reasonable basis for allowing his response deadline to lapse? Plaintiff's counsel serves as the prosecuting attorney for a nearby municipality. Doc. [48] ¶ 2. He receives numerous state-court-system emails in connection with that role, and he regularly deletes those emails from his account. *Id.* ¶ 13. Sometimes he deletes them in bulk. *Id.* ¶ 14. Although Plaintiff's counsel received notice from the Court's electronic filing system that Defendants had filed their Motion, *id.* ¶ 15, Plaintiff's counsel admits that he inadvertently deleted the email notification because he believed it to be from the state-court filing system, *id.* ¶¶ 10, 16. As a result, Plaintiff's counsel "only became aware" of Defendants' Motion when the Court entered its Order granting it. *Id.* ¶ 3. Plaintiff argues that these circumstances constitute excusable neglect because allowing Plaintiff the opportunity to respond to Defendants' Motion would not prejudice Defendants at such an early stage of this litigation. *Id.* ¶ 27. Similarly, any delay would interfere minimally with these proceedings because "Defendants have recently responded to Plaintiff's complaint, and no trial date has been set yet." *Id.* The Court disagrees because Plaintiff's reason for delay—the most important factor in the Court's analysis—weighs so heavily against him.

Plaintiff admits that his noncompliance stems from his attorney's carelessness with respect to an email inbox cluttered by the busy nature of his attorney's law practice. Even if that were all, ordinarily, neither attorney carelessness nor a busy practice will support a finding of excusable neglect. *See Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc.*,

- 4 -

730 F.3d 23, 27 (1st Cir. 2013) (carelessness); *Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1048 (8th Cir. 2010) (busy practice). But a review of the relevant circumstances shows an even more troubling reason for Plaintiff's noncompliance; that is, his counsel's inattentiveness to this matter. It is simply unacceptable that Plaintiff's counsel "only became aware" of Defendants' Motion when the Court granted it almost two months after it was filed. Doc. [48] ¶ 3. After all, Plaintiff's counsel has an affirmative duty to monitor the case docket. *See Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004) (joined by Roberts, J.) ("Regardless whether [Plaintiff's counsel] received the e-mail notice [from the Court], he remained obligated to monitor the [C]ourt's docket." (citing *United States ex rel. McAllan v. City of New York*, 248 F.3d 48, 53 (2d Cir. 2001) (per curiam))); *Harness v. Taft*, 801 F. App'x 374, 377 (6th Cir. 2020) ("Counsel has an 'affirmative duty to monitor the dockets to keep apprised of the entry of orders.'" (quoting *Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012)). That Plaintiff's counsel was caught so unaware plainly shows he failed to discharge his duty.

What is more, Plaintiff's counsel *knew* when Defendants' required response to the Complaint was due. He consented to their December 01, 2025, deadline. *Compare* Doc. [26] ¶ 8, *with* Doc. [32] ¶ 8. He also consented to their request for a December 15, 2025, deadline. *Compare* Doc. [36] ¶ 11, *with* Doc. [37] ¶ 10. When Plaintiff's counsel did not see a filing notification related to Defendants' required response, he should have diligently prepared a Motion for the Clerk's Entry of Default rather than let the case sit idle. *See* Fed. R. Civ. P. 55(a). At the very least, counsel's knowledge of Defendants' deadline might have prompted him to realize his own mistake and bring it before the Court on his own initiative. Instead, Plaintiff's counsel's inattentiveness in this regard is underscored by his inattentiveness

elsewhere in this matter.  *See* Doc. [47] at 2 (describing Plaintiff's failure to either serve or seek entry of default against other defendants).

True, the length of Plaintiff's delay has a limited impact here, especially when these proceedings remain at the pleading stage.  And depriving a party of a "quick victory" by requiring it to litigate further generally does not constitute prejudice to that party.  *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224–25 (9th Cir. 2000).  Further, the Court discerns no bad faith on the part of Plaintiff or his counsel.  *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998) (finding good faith despite the movant's "careless" and "cavalier" approach to litigation").  While these factors weigh in favor of finding excusable neglect, Plaintiff's reason for delay outweighs them and therefore precludes such a finding.  *Colasante v. Wells Fargo Corp.*, 81 F. App'x 611, 614–15 (8th Cir. 2003) (per curiam) (finding no abuse of discretion where plaintiff offered "no legitimate reason" for his "marginal" failure to effect timely service, and the court determined the failure "was attributable to an inattention to procedural rules"); *see also Hawks*, 591 F.3d at 1048 (finding no abuse of discretion where plaintiff's reason for noncompliance failed to justify a nine-day delay in responding to defendant's motion to dismiss).  Indeed, if the Court found excusable neglect here, it is difficult to imagine what neglect would be inexcusable.  *Cf. Krivak v. Home Depot U.S.A., Inc.*, 2 F.4th 601, 607 (7th Cir. 2021) ("[A]ttorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant." (citation omitted)); *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596–97 (8th Cir. 2001) (calling it "a well-established principle in this Circuit that a party may be held responsible for the actions of its counsel").

Accordingly,

- 6 -

- 7 -

**IT IS HEREBY ORDERED** that Plaintiff Andell R. Lawrence, Jr.'s Motion for Relief from Judgment, Doc. [48], is **DENIED**.

Dated this 11th day of February 2026.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE