**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

ANNDELL R. LAWRENCE, JR.,        )
                                               )
       Plaintiff,                )
                                               )
       vs.                       )      Case No. 1:24-cv-0204-MTS
                                             )
LARESHA REED, *et al.*,          )
                                             )
       Defendants.           )

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Plaintiff's Motion for Additional Time to Serve Defendant Ada Farr.  Doc. [53].  On January 23, 2026, the Court ordered Plaintiff to serve any unserved Defendants in this action no later than February 12, 2026, and warned that failure to do so would result in dismissal of any unserved Defendant.   Doc. [47] at 2.  The United States Marshal's Office issued service on most of the named Defendants in this case. *See, e.g.*, Doc. [27].[1]  Defendant Farr, however, was not served because Defendant's last known address is a P. O. Box that cannot be served via the methods described in Federal Rule of Civil Procedure 4(e)(2).  *See* Doc. [29]; *see also, e.g.*, *Brady v. Roberts*, 1:07-cv-02258-EWN, 2008 WL 4614306, at *4 (D. Colo. Oct. 15, 2008) (acknowledging that personal service "cannot be accomplished" at a post office box and remarking that courts "need not require the U.S. Marshal or the Clerk of Court to search for" an unserved

---

[1] This was before the Court vacated the portion of its prior Order erroneously authorizing Plaintiff to proceed in forma pauperis. *Compare* Fed. R. Civ. P. 4(c)(3) (requiring the court to order service by a United States marshal or other person specifically appointed "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915), *with* Doc. [47] at 1.

defendant); *Knapp v. Hickman*, 2:05-cv-02520-FCD, 2009 WL 4828731, at *1 (E.D. Cal. Dec. 9, 2009) (explaining that "personal service is not possible" on a post office box and that "[i]t is Plaintiff's obligation to provide an address sufficient for service"); *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam) (describing plaintiff's responsibility "to provide proper addresses for service"). The case docket reflects that Defendant Ada Farr's summons was returned unexecuted, and proof of non-service was filed on November 06, 2025, over 100 days ago. Doc. [29].

Plaintiff now seeks additional time to serve Defendant Farr because he "does not have any valid or current address of Defendant Farr." Doc. [53]. He also seeks leave to issue discovery to the Missouri Department of Corrections for the last known address of the Defendant and any relevant information to locate Defendant. *Id.* The problem for Plaintiff is that his Motion does not make an adequate showing of good cause sufficient for an extension of the February 12, 2026, service deadline. *See* Fed. R. Civ. P. 4(m) (requiring a court to extend the time for service "if the plaintiff shows good cause for the failure"). "Good cause" generally requires some showing of Plaintiff's diligence with respect to attempted service. *See Bryant v. Brooklyn Barbeque Corp.*, 130 F.R.D. 665, 667 (W.D. Mo. 1990) (noting most courts have concluded that "good cause will be found only if plaintiff has been diligent in attempting to serve the complaint"); *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019) ("Generally, for purposes of Rule 4(m), 'good cause' requires some showing of diligence on the part of the plaintiffs."); *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (explaining, albeit in another context, that the primary measure of "good cause" is the movant's diligence in attempting to meet the deadline).

- 2 -

Here, Plaintiff's Motion states only that he needs more time to complete service, and Plaintiff lists a reason why that is so.  But Plaintiff provides no description whatsoever of any intervening effort expended to either (1) locate a valid or current address for Defendant Farr, or (2) attempt service through other permissible means.  *See* Fed. R. Civ. P. 4(e)(1) (permitting service in accordance with state law).  Plaintiff and his counsel have been on notice since November 06, 2026, that Defendant Farr's address was insufficient for personal service.  Doc. [29].  The Court expressly ordered Plaintiff to serve any unserved defendants over three weeks ago.  Doc. [47].  There is no indication in the present Motion that Plaintiff has taken any steps to comply with the Court's January 23, 2026, Order before now.  The Court will not extend a deadline without a showing of good cause meriting an extension.  *See* Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 6(b) (authorizing courts to extend a deadline "for good cause").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Additional Time to Serve Defendant Ada Farr, Doc. [53], is **DENIED**.  An Order of Partial Dismissal without Prejudice will be entered herewith.

Dated this 17th day of February 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE