**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

ANNDELL R. LAWRENCE, JR.,                )
                                          )
      Plaintiff,                          )
                                          )
    vs.                                   )     Case No. 1:24-cv-00204-MTS
                                          )
LARESHA REED, *et al.*,                   )
                                          )
      Defendants.                         )

## MEMORANDUM AND ORDER

Before the Court are Plaintiff's respective "Request[s] for the Clerk to Enter Default Judgment" against Defendant Laresha Reed, Doc. [50], and Defendant Skylar Blake, Doc. [51]. In nearly identical filings, Plaintiff explains both Defendants "are subject to . . . default judgment" because they failed to file a required response to his Complaint. *See* Doc. [51] ¶¶ 3–5. Plaintiff also asserts that the Clerk of Court "is allowed to enter a default judgment" in this matter because Plaintiff is seeking a sum certain—one that is "ascertainable by computation." *See id.* ¶¶ 1–2. Plaintiff seeks a sum of $8 million because, "as a result of the defaulted defendant's failure to protect [him] and the denial of [his] constitutional rights, [he] suffered serious injuries" that required surgery and other medical treatment. *See* Doc. [51-2] ¶ 7. Plaintiff provides sworn testimony that he "endured pain and suffering and [has] had difficulty performing daily functions such as walking, standing, sleeping, and other daily tasks." *Id.* ¶ 8. He also asserts that he experiences anxiety and nightmares caused by the attack. *Id.* Because Plaintiff's Motions are both procedurally and substantively deficient, the Court will deny them without prejudice.

To start, Federal Rule of Civil Procedure 55 describes a two-part process for obtaining a default judgment.  A party must seek the Clerk's entry of default before moving for default judgment.  *Compare* Fed. R. Civ. P. 55(a), *with id.* 55(b)(1), (2); *see, e.g.*, *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (describing the "two-step process for the entry of judgment against a party who fails to defend").  Plaintiff's Motion thus makes a procedural misstep in that it tries to take both steps at once.  The Clerk of Court has charitably construed Plaintiff's Motion as one for entry of default, and he granted it pursuant to Rule 55(a).  Although irregular, the Court will not vacate the Clerk's Entry of Default because Plaintiff's filings establish that neither Defendant Reed nor Defendant Blake filed a required response to Plaintiff's Complaint by their respective deadlines.  *See, e.g.*, Doc. [52]; *see also* Docs. [28] and [41] (proof of respective service).

However, because Plaintiff moves for the Clerk's Entry of Default Judgment under Rule 55(b)(1), his Motion must be denied.  Rule 55(b)(1) empowers a clerk of court to enter default judgement only "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation."  Fed. R. Civ. P. 55(b)(1).  In that instance, the clerk "must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing." *Id.*  But when a plaintiff seeks default judgment on a claim that is not for a sum certain, he must proceed under Rule 55(b)(2).  That provision allows the Court to "conduct hearings or make referrals" if necessary to "determine the amount of damages," "establish the truth of any allegation by evidence," or "investigate any other matter."  Fed. R. Civ. P. 55(b)(2)(B)–(D).  "Once the amount of damages has been established, the court may enter judgment pursuant to the rule." *Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008).

Here, Plaintiff's request for $8 million in compensatory damages arising out of pain, suffering, and post-traumatic stress is not a sum certain. "[A] claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Id.* at 917 n.11 (quoting *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003)). Put differently, a sum certain exists where "there can be no dispute as to the amount due once liability has been established" such as, for example, "in actions on money judgments and negotiable instruments." *AGCO Fin., LLC v. Littrell*, 320 F.R.D. 45, 48 (D. Minn. 2017) (citing *KPS & Assocs.*, 318 F.3d at 19)). And a sum certain is not established "simply by requesting a specific amount" in a complaint or affidavit. 10A *Wright & Miller's Federal Practice & Procedure* § 2683 (4th ed. 2025).

The subjective injuries for which Plaintiff seeks compensation do not yield an undisputed amount. *See Byrd v. Keene Corp.*, 104 F.R.D. 10, 12 (E.D. Pa. 1984) (explaining that personal injuries generally must be pursued under Rule 55(b)(2) rather than 55(b)(1)); *cf. Rodriguez-Garcia v. Miranda-Marin*, 610 F.3d 756, 773 (1st Cir. 2010) (noting damages for pain and suffering defy exact mathematical computation and are not susceptible to proof by a dollar amount). Therefore, Plaintiff must file renewed Motions and pursue default judgment under Rule 55(b)(2). The Court reminds Plaintiff that he will have the burden to prove his "actual damages to a reasonable degree of certainty." *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 819 (8th Cir. 2001); *see Bd. of Trs. of Iron Workers St. Louis Dist. Council Pension Tr. v. KPS Rebar, LLC*, 4:23-cv-00044-SRC, 2024 WL 3551964, at *2 (E.D. Mo. July 25, 2024) (acknowledging that a plaintiff can prove damages via "sworn affidavit and supporting documentation"). The Court notes further, however, that "while an entry of default judgment in this case eventually could be appropriate, it likely would not be favored until the case is

resolved as to the non-defaulting Defendants." *AmGUARD Ins. Co. v. T & J Enters., Inc.*, No. 4:20-cv-01853-MTS, 2022 WL 558082, at *1 (E.D. Mo. Feb. 24, 2022) (collecting cases).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment for a Sum Certain against Defendant Laresha Reed, Doc. [50], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment for a Sum Certain against Defendant Skylar Blake, Doc. [51], is **DENIED** without prejudice.

Dated this 15 day of April 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE