**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| ANNDELL R. LAWRENCE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:24-cv-0204-MTS |
| | ) | |
| LARESHA REED, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

In this action, Plaintiff Anndell R. Lawrence, Jr. has missed multiple deadlines. *See, e.g.*, Docs. [45] & [57]. He has done so again. Before the Court is his Motion for Leave to File an Amended Complaint. Doc. [67]. In the proposed amended complaint, he seeks to rejoin parties that the Court has dismissed for his failure to meet deadlines. *Compare, e.g.*, *id.* at 3 (noting he seeks to add in Crystal Woods), *with* Doc. [57] (dismissing Woods as a Defendant for Plaintiff's failure to prosecute the case against her). Unfortunately for Plaintiff, this Motion itself is late.

The Case Management Order required "all motions for joinder of additional parties or motions to file amended pleadings" be filed "no later than June 06, 2026." Doc. [63] at 1. *See also Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998) (noting "litigants have an unflagging duty to comply with clearly communicated case-management orders" and "a litigant who ignores a case-management deadline does so at his peril"). That deadline was not only ordered by the Court, but it was also the exact date the parties requested that the Court order. Doc. [60] at 1 (Joint Proposed Scheduling Plan). Nevertheless, Plaintiff filed the instant Motion on June 08, 2026, two days after the deadline. Doc. [67]. It is not late, Plaintiff writes

in his Motion, because June 6th fell on a Saturday. *Id.* ¶ 3.  He cites Federal Rule of Civil Procedure 6 to claim that his Motion therefore was due on Monday, June 08, 2026, "the next business day." *Id.*  That legal conclusion is incorrect.

By its text, Federal Rule of Civil Procedure 6(a)(1) governs only "[w]hen [a] period [of time] is stated in days."  But the Court did not provide *x* number of days to file an amendment; rather, the Court provided a date certain—one that the parties jointly requested, no less.  As such, Rule 6(a) did not apply, and Plaintiff's Motion was due June 06, 2026.  *See J.C. v. Zimmerman*, 150 F.4th 136, 147 n.5 (2d Cir. 2025) ("Rule 6 . . . do[es] not apply here because the district court imposed a specific date for compliance, rather than a period of time."); *Destra v. Demings*, 725 F. App'x 855, 859 (11th Cir. 2018) (per curiam) (citing Fed. R. Civ. P. 6 advisory committee's note to 2009 amendment); *Violette v. P.A. Days, Inc.*, 427 F.3d 1015, 1016 (6th Cir. 2005); *see also, e.g.*, *Myers v. Adam's Smokehouse, LLC*, 4:25-cv-0860-MTS, 2025 WL 2522430, at *1 n.* (E.D. Mo. Sept. 2, 2025).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Add Party, Doc. [67], is **DENIED** for the reasons explained herein.

Dated this 10th day of June 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE