**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| ANNDELL R. LAWRENCE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:24-cv-0204-MTS |
| | ) | |
| LARESHA REED, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

In this action, Plaintiff Anndell R. Lawrence, Jr. alleges that, during his incarceration in 2021, prison officials violated his constitutional rights. *See* 42 U.S.C. § 1983. Now before the Court is Plaintiff's Motion for Voluntary Dismissal, in which he seeks to dismiss this action without prejudice. Doc. [69]; *see* Fed. R. Civ. P. 41(a)(2). Defendant Rosey Williams opposes the Motion, arguing that only dismissal *with* prejudice would be appropriate at this stage in this litigation. Doc. [70]. For the reasons explained herein, the Court agrees. Plaintiff shall have fourteen days within which to withdraw his Motion; otherwise, the Court will grant it and dismiss this action with prejudice.

*

Plaintiff first filed an action arising out of the underlying events at issue in this case four years ago. *See Lawrence v. Reed*, 1:22-cv-0102-SNLJ (E.D. Mo. July 25, 2022). There, upon review under 28 U.S.C. § 1915(e)(2)(B), the Court found that his complaint failed to state a claim on which relief may be granted but provided him an opportunity to amend it. *Id.* at ECF No. 7. He filed an amended complaint, *id.* at ECF No. 11, but it too

failed to state a claim on which relief may be granted, *id.* at ECF No. 13. The Court then dismissed his action without prejudice. *Id.* Undeterred, Plaintiff again sought leave to file yet another amended complaint in the now-closed case, *id.* at ECF No. 16, which the Court denied, *id.* at ECF No. 20. Plaintiff then moved to reopen the case, *id.* at ECF No. 21, which the Court also denied, *id.* at ECF No. 22.

Months later, Plaintiff filed the instant action arising out of the same events as his previous action. Since his filing of this action, Plaintiff has repeatedly failed to prosecute it and failed to comply with applicable rules and Court-ordered deadlines. *See, e.g.*, Doc. [19]; Doc. [47] at 2 (2026 WL 183479); Doc. [68] (2026 WL 1674809). Because of his failure, the Court has dismissed multiple Defendants from this action after Plaintiff failed to serve them or failed to file any opposition to their motions to dismiss. *See* Doc. [45] (2026 WL 192118); Doc. [55] (2026 WL 446598). After all these missed deadlines and their accompanying disadvantages, Plaintiff now seeks to dismiss this action without prejudice, Doc. [69]; *see* Fed. R. Civ. P. 41(a)(2), which would allow him to refile the action anew in the future, *see* Mo. Rev. Stat. § 516.230.

Plaintiff's Motion inexplicably provided no "explanation for [his] desire to dismiss." *See Tillman v. BNSF Ry. Co.*, 33 F.4th 1024, 1027 (8th Cir. 2022) (citing *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999)). He was required to provide not just an explanation, but a "proper explanation." *Id.*; *see also* E.D. Mo. L.R. 4.01(A) (requiring that a moving party "file with each motion a memorandum in support of the motion" that includes "any relevant argument and citations to any authorities on which the party relies"). Plaintiff provided an explanation only in his Reply to

Defendant Williams's Response in Opposition to the Motion. Doc. [72]. *But see Green v. Missouri*, 734 F. Supp. 2d 814, 848 (E.D. Mo. 2010) ("As a general rule, courts will not consider arguments raised for the first time in a reply."); *Crawford v. Gramex Corp.*, 208 F.3d 217 (8th Cir. 2000) (per curiam) (similar).*

Besides not providing a proper explanation for his desired dismissal without prejudice, the Court finds that a dismissal here "would result in a waste of judicial time and effort." *See Tillman*, 33 F.4th at 1027 (citing *Hamm*, 187 F.3d at 950). Over the course of both actions that Plaintiff has filed regarding the underlying events at issue here, the Court has written more than a dozen Memoranda and Orders. Many of those have been necessitated by Plaintiff's initial failures to state a claim and his subsequent failure to prosecute this matter. It would waste the significant resources the Court has expended repeatedly explaining to Plaintiff what he has failed to do. Indeed, his "marked lack of diligence in prosecuting his case" is itself a reason to deny him the ability to dismiss this action without prejudice now. *See Beavers v. Bretherick*, 227 F. App'x 518, 522 (8th Cir. 2007) (per curiam). Plus, allowing him the opportunity to dismiss this action without prejudice would perversely allow him to avoid the consequences he has merited for his

---

* Even if the Court considered what Plaintiff raised for the first time in his Reply, it is little help to him. In the Reply, counsel for Plaintiff asserts that Plaintiff "has been unable to fulfill his financial obligations under the retainer agreement" and failed "to make payments" to his counsel. Doc. [72] ¶ 4. Counsel's recourse for nonpayment is to continue diligently representing Plaintiff while seeking payment or to seek leave to withdraw, not to seek dismissal of the action. *Cf.* Mo. Legal Ethics Counsel, Informal Op. 20000172 (2000) (citing Mo. Sup. Ct. R. 4-1.3.). And if Plaintiff does not wish to continue the attorney-client relationship because he cannot pay his attorney, Plaintiff may proceed without counsel rather than abandon this action. 28 U.S.C. § 1654; *see also Walker v. Bowersox*, 526 F.3d 1186, 1190 (8th Cir. 2008) (noting a litigant "has no constitutional or statutory right to counsel in a civil case").

repeated lack of diligence up to now. *See Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013) (noting that "a party is not permitted to dismiss merely to escape an adverse decision").

* * *

For at least these reasons, Plaintiff has failed to show that dismissal without prejudice would be proper under Federal Rule of Civil Procedure 41(a)(2). The Court will therefore provide Plaintiff through **Monday**, **August 31, 2026**, to withdraw his Motion to Dismiss, or the Court will dismiss this action with prejudice as a term of dismissal. *See Graham v. Mentor Worldwide LLC*, 998 F.3d 800, 805 (8th Cir. 2021) (citing *Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir. 1995)).

Dated this 17th day of August 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE