**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| ANNDELL R. LAWRENCE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:24-cv-0204-MTS |
| | ) | |
| LARESHA REED, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Plaintiff Andell Lawrence Jr.'s ("Plaintiff") Motion to Reconsider this Court's Order of Dismissal, Doc. [75]. For the reasons stated herein, the Court will deny the motion.

It feels like déjà vu all over again. This litigation has been defined by Plaintiff continually missing Court-ordered deadlines. *See* Doc. [73] at 2. The latest example begins on August 17, 2026, when this Court issued an opinion providing Plaintiff through Monday, August 31, 2026 to withdraw his Motion to Dismiss, Doc. [69], or the Court would dismiss this action with prejudice. Doc. [73] at 4. August 31 came and went, and this Court graciously gave Plaintiff's attorney, Samuel Henderson, fourteen extra days to file the withdrawal. Doc. [74]. However, with no response from Plaintiff as of September 14, this Court entered an order dismissing the case with prejudice. *Id.*

Plaintiff now claims that Henderson had no notice of the opinion because the email notification went into Henderson's spam/junk folder. Doc. [75] 4–5. This failure is no excuse; counsel has an affirmative duty to monitor the case docket, with or without an email notification. *See Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004) (joined by Roberts, J.) (citing

*United States ex rel. McAllan v. City of New York*, 248 F.3d 48, 53 (2d Cir. 2001) (per curiam)) ("Regardless whether [Plaintiff's counsel] received the e-mail notice [from the Court], he remained obligated to monitor the [C]ourt's docket.").

Moreover, this is not the first time that Plaintiff's attorney has had this problem. On February 11 of this year, this Court entered an order denying Plaintiff's Motion for Relief from a Judgment on similar facts. Doc. [49]. There, Henderson inadvertently deleted an email notification of a Court deadline, and this Court declined to grant relief on that basis. *Id.* at 4, 7. If this Court did not grant relief then, this Court will surely not grant relief now.

It is unfortunate that Plaintiff faces this consequence, but the blame rests squarely on Plaintiff's attorney. "A litigant chooses counsel at his peril," *Boogaerts v. Bank of Bradley*, 961 F.2d 765, 768 (8th Cir. 1992), and this Court will not save Plaintiff from the consequences of that choice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, Doc. [75], is **DENIED**.

Dated this 22nd day of September 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE